IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION AT CHICAGO

JENNIFER DRAKE,
    Plaintiff,

V.

CANADIAN NATIONAL RAILWAY/,
ILLINOIS CENTRAL RAILWAY COMPANY
    Defendant.

Case No.: _____

Judge _____

07CV1897
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE DENLOW

## COMPLAINT

Comes the Plaintiff, Jennifer Drake, by and through counsel, and sues the Defendant, Canadian National Railway / Illinois Central Railroad, (hereinafter referred to as "CN" or "Defendant"), and for her cause of action, states:

### I. JURISDICTION

**1.** Jurisdiction in this case is invoked for violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

**2.** Plaintiff, Jennifer Drake, is and was at all times material herein, a citizen and resident of Schererville, Lake County, Illinois.

**3.** Defendant, Canadian National Railway/Illinois Central Railroad, is an entity which provides services related to the transport of goods. CN occupies a facility located at 17641 Ashland Avenue, Homewood, Illinois, 46375, Cook County, where Plaintiff was employed.

**4.** The acts complained of herein occurred primarily at Defendant's facilities in Cook County, Illinois, where the Plaintiff was assigned as a result of her employment.

**5.** Plaintiff has duly complied with the requirements of the ADA and Title VII and has performed all conditions precedent to the maintenance of this action.

## II. GENERAL ALLEGATIONS

**6.** Plaintiff was hired by Defendant, CN, in November of 2001, as a brakeman. In July of 2002, Plaintiff was promoted to the position of conductor.

**7.** Defendant has been diagnosed with the condition of diabetes and hyperthyroidism. Plaintiff's diagnosis was known to Defendant.

**8.** During Plaintiff's employment, her condition of diabetes required ongoing medical treatment of which Defendant was aware. For example, in August of 2005, Plaintiff had to have both of her big toes removed because of her medical condition.

**9.** During August of 2005, Plaintiff's medical condition required that she stop at a McDonalds restaurant to treat her medical condition.

**10.** Despite Defendant's knowledge of Plaintiff's medical condition and her need for treatment, Defendant disciplined Plaintiff because of her stop at the McDonalds.

**11.** Following the above incident, Plaintiff applied for management positions within Defendant's company but was denied the positions she sought.

**12.** During February of 2006, Plaintiff was written up for a violation of Defendant's rules. Similarly situated male employees without disabilities were not disciplined as was Plaintiff even though they had engaged in the same behavior.

**13.** Following the above events Plaintiff complained to Defendant's Human Resources Department. Plaintiff complained that she had been subjected to discrimination and that Defendant had failed to accommodate her known disability.

**14.** In March of 2006, Plaintiff was terminated from her employment.

## III. CAUSE OF ACTION

**15.** Plaintiff charges and alleges that the because of the disability discrimination to which she was subjected, Defendant is guilty of violations of the ADA, 42 U.S.C. § 12101, *et. seq.*

**16.** Plaintiff charges and alleges that Defendant is guilty of failure to

accommodate Plaintiff's known disability in violation of the ADA 42 USC § 12101 *et. seq.*

**17.** Plaintiff charges and alleges that Defendant's termination was in retaliation for her complaints in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

**18.** Plaintiff charges and alleges that because of the gender based discrimination to which she was subjected, Defendant is guilty of Title VII of the Civil Rights Act of 1964, 42 *U.S.C.* § 2000e, *et seq.*

### IV. DAMAGES

**19.** As a direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered lost wages, mental pain and suffering, embarrassment, humiliation and general damages.

**20.** Defendant committed intentional discrimination against Plaintiff with malice, or such reckless indifference, as to entitle Plaintiff to an award for punitive damages.

### V. RELIEF SOUGHT AGAINST DEFENDANTS

**WHEREFORE**, Plaintiff Jennifer Drake, prays that proper process issue and be served upon the Defendant in this action in the manner prescribed by law; and

**WHEREFORE**, Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, plus reasonable attorney fees and all costs; and

**WHEREFORE**, Plaintiff prays for injunctive relief preventing these discriminatory practices by Defendant, and demands a jury to try all issues, when joined.

Respectfully submitted,

| Nolan Law Group | **PATY, RYMER AND ULIN P.C.** |
|---|---|
| By: _____ | By: _____ |
| James H. Lawlor (6195987) | Randall D. Larramore (# 18760) |
| Nolan Law Group | Attorneys for Plaintiff |
| 20 North Clark | 19 Patten Parkway |
| Chicago, Illinois 60565 | Chattanooga, TN 37402 |
| (312) 630-4000 | (423) 756-6770 |